```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Miguel Harvey,

                Petitioner,           98-CV-7814 (CPS)

    - against -                       MEMORANDUM
                                      OPINION
Floyd Bennett,                        AND ORDER

                Defendant.

----------------------------------X
```
SIFTON, Senior Judge.

Miguel Harvey ("Harvey" or "petitioner") was convicted by a jury in Supreme Court, Queens County, New York, of intentional murder, felony murder, attempted murder, kidnaping, and assault. On November 21, 1994, petitioner was sentenced to concurrent indeterminate prison terms resulting in a sentence of 33 1/3 years to life. On December 17, 1998, petitioner *pro se* filed a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2254. On August 23, 1999, the petition was stayed pending petitioner's exhaustion of further state court remedies. Now before this court are an application by petitioner to reopen the case and a motion by respondent to dismiss the habeas petition for lack of prosecution. For the reasons stated below, the application to reopen the proceedings is granted and respondent's motion to dismiss is denied.

## BACKGROUND

The following facts are taken from the parties' submissions

in connection with the original habeas petition, the record of the State court criminal proceedings, and the parties' submissions pursuant to this motion.

On March 13, 1994, petitioner, along with an accomplice, Victor Allen, went to the home of Anthony Wilkins. Petitioner and his accomplice held Wilkins at gunpoint, used their victim as a "Russian roulette" target, and compelled Wilkins to call his friend Andre Thompson to determine whether Thompson was home. Harvey and Allen thereafter forced Wilkins to lead them to Thompson's home where, after knocking on Thompson's bedroom window to draw him into view, they fired a barrage of bullets through the window, killing Thompson. Petitioner and Allen then turned their gunfire on Wilkins, shooting him several times and leaving him for dead before fleeing.

For these acts, petitioner was arrested and charged with three counts of murder in the second degree (intentional, depraved indifference, and felony) (N.Y. Penal Law §§ 125.25(1), 125.25(2), 125.25(3)), attempted murder in the second degree (N.Y. Penal Law §§ 110.00, 125.25(1)), kidnaping in the second degree (N.Y. Penal Law § 135.40), two counts of criminal possession of a weapon in the second degree (N.Y. Penal Law § 256.03), two counts of criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)), and assault in the second degree (N.Y. Penal Law § 120.05(2)). At the conclusion of

a jury trial before Justice Eng, Supreme Court, Queens County, New York, petitioner was convicted of intentional and felony murder, attempted murder, kidnaping, and assault, the remaining counts having been dismissed by the Court on the prosecution's motion before submission to the jury. On November 21, 1995, petitioner was sentenced to concurrent indeterminate incarceratory terms of twenty-five years to life for each of the murder convictions, to run consecutive to concurrent terms of eight and one-third to twenty five years for the attempted murder and kidnaping convictions, and to a term of one-third to seven years for the assault conviction.

Petitioner filed a notice of appeal in the New York Supreme Court Appellate Division, Second Department, on November 24, 1995. In a brief filed before that Court in June 1997, petitioner argued that (1) the People had failed to prove his guilt beyond a reasonable doubt because the ballistics expert's testimony contradicted the testimony of the sole eyewitness, rendering the eyewitness's testimony not credible as a matter of law; (2) petitioner was denied effective assistance of counsel with regard his motion for reassignment of counsel; and (3) the Court's cumulative sentence of thirty-three and one-third years to life imprisonment was unduly harsh and excessive. On February 2, 1998, the Appellate Division unanimously affirmed petitioner's conviction. *People v. Harvey*, 667 N.Y.S.2d 930 (2d Dept. 1998).

The Court held that, viewing evidence in the light most favorable to the prosecution, the evidence was sufficient to establish petitioner's guilt beyond a reasonable doubt, and the verdict was not against the weight of the evidence. *Id*. The Court further determined that petitioner's sentence was not excessive, and that petitioner's claim of ineffective assistance of counsel was meritless. *Id*.

Petitioner's application for leave to appeal the Appellate Division's decision to the New York Court of Appeals was denied on March 12, 1998. Petitioner subsequently filed an application for reconsideration *pro se*. On May 13, 1998, petitioner was granted reconsideration, but his application for leave to appeal was again denied.

On December 17, 1998, petitioner *pro se* filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. On August 6, 1999, respondent submitted an affidavit and memorandum of law in opposition to that petition. By letter dated August 12, 1999, petitioner requested that his habeas papers be returned to him because he had yet to exhaust state court remedies. On August 23, 1999, I stayed the § 2254 petition pending further state court review, and also directed petitioner to notify this Court in writing of any final decision by the state court with respect to petitioner's application for post-conviction relief.

In June 2001, petitioner filed a motion *pro se* in the Supreme Court, Queens County, New York, to vacate his judgment of conviction. The Court denied the motion on September 20, 2001. By letter dated December 3, 2001, petitioner informed this Court that he intended to file an appeal from the Supreme Court's decision. However, petitioner filed no such appeal.

By letter dated January 29, 2009, petitioner applied to reopen his § 2254 petition for a writ of habeas corpus. Petitioner's present application is his first correspondence with the Court since December 2001. Respondent now moves to dismiss the petition for lack of prosecution.

**DISCUSSION**

Respondent moves to dismiss petitioner's application for a writ of habeas corpus for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a defendant may move for dismissal of an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The power of a district court to take such action – while explicitly sanctioned by Rule 41(b) – "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626, 630-31 (1962)). Dismissal for failure to prosecute is thus ultimately "a matter committed to the discretion of the district court." *Romandette v. Weetabix Co.*, Inc. 807 F.2d 309, 312 (2d Cir. 1986) (citing *Wabash*, 370 U.S. at 633).

"Mindful that dismissal for lack of prosecution is a 'harsh remedy to be utilized only in extreme situations,'" *Lewis*, 564 F.3d at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), the Court of Appeals has outlined "guiding rules that limit a trial court's discretion" to dismiss a case for failure to prosecute. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). A court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254; *see also Lewis*, 564 F.3d at 576. In applying the so called 'Drake factors,' "no one factor is dispositive." *Drake*, 375 F.3d at 254.

Appraising the duration of delay requires assessing "(1) whether the failures to prosecute were those of the plaintiff;

and (2) whether these failures were of significant duration." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Drake*, 375 F.3d at 255. Here, the delay was undoubtably caused by petitioner. In 1999 petitioner was directed to notify the Court of the disposition of any post-conviction relief in order to reopen his action under § 2254, and failed to do so. Additionally, the duration of delay - nearly eight years - is significant. Indeed, this length of time is substantially longer than delays that have supported dismissals in other non-habeas cases. *See Drake*, 375 F.3d at 225 (17-month delay would support dismissal, if not for other Drake factors); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (six-month delay); *see also Maiorani v. Kawasaki Kisen K.K., Kobe*, 425 F.2d 1162, 1163 (2d Cir. 1970), *cert. denied*, 399 U.S. 910 (1970) (counsel offered to start trial two days later than scheduled); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from a matter of months to a period of years). However, habeas petitions typically take years to resolve. *See* Roger A. Hanson & Henry W.K. Daley, Bureau of Justice Statistics, *Federal Habeas Corpus Review: Challenging State Court Criminal Convictions*, 20, 23 (Sept. 1995) (habeas petitions raising issues of ineffective take an average of 555 days to resolve). Nevertheless, the duration factor weights in

favor of respondent.

The notice factor cuts against dismissal. *Drake* requires that petitioner receive "notice that further delay would result in dismissal." *Drake*, 375 F.3d at 254. Furthermore, in *Drake* the Court of Appeals noted that this second factor specifies that the plaintiff receive notice that *further* delay, not merely delay generally, could result in dismissal to justify dismissal under 41(b). *Drake*, 375 F.3d at 255. More important, with respect to *pro se* litigants, the severe sanction of dismissal with prejudice may be generally imposed only if the litigant receives warning that noncompliance could result in dismissal. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Here, the order staying proceedings relating to petitioner's § 2254 motion did not notify petitioner that delay on his part could result in dismissal. The order did not constitute a notice that *further* delay could result in dismissal. Nor did the order warn petitioner, proceeding *pro se*, about the ramifications of delay. Accordingly, petitioner did not receive notification sufficient to authorize dismissal with prejudice.

Regarding the third factor, respondent will not suffer actual prejudice as a result of the significant delay endured here. The State claims that its ability to counter petitioner's ineffective assistance of counsel claim raised in his § 2254 motion "would be severely compromised given the passage of time

and the dimming of memories." Respondent's Memorandum in Support ("Resp't Mem. Supp."), April 20, 2009 at 10-11. Respondent has failed, however, to identify any factual issue requiring the exercise of memory to respond to petitioner's arguments. Since petitioner's § 2254 motion will rest on both parties' papers submitted as of August 1999 and on the record of petitioner's criminal case, respondent has not established that it will be prejudiced by the Court's consideration of petitioner's habeas application even at this late date.[1]

Balancing a court's interest in alleviating docket congestion against a party's interest in their fair day in court likewise weighs against respondent. While dismissal may be invoked where necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *Wabash*, 370 U.S. at 630, petitioner's delay has not "impacted the trial calendar or otherwise impeded the Court's work." *Drake*, 375 F.3d at 257. Given the gravity of a § 2254 motion, this Court can certainly

---

[1] Since arguments raised for the first time in a reply memorandum need not be addressed, *see U.S. v. Gigante*, 39 F.3d 42, 50 n. 2 (2d Cir. 1994) ("These arguments were raised for the first time in defendants' reply brief. Arguments may not be made for the first time in a reply brief."), vacated on other grounds and superseded in part on denial of reh'g, 94 F.3d 53 (2d Cir. 1996); *Keefe v. Shalala*, 71 F.3d 1060, 1066 n. 2 (2d Cir. 1995) ("We will not consider arguments raised for the first time in a reply brief."); *Concepcion v. U.S.*, 181 F.Supp.2d 206, 231 (E.D.N.Y. 2002) (stating, in adjudicating a habeas petition, "it is well settled... that a party may not raise an argument for the first time in a reply brief."), respondent will not be required to submit anything further in opposition to petitioner's § 2254 motion, even should petitioner choose to reply to the State's memorandum in opposition.

expend the effort necessary to provide petitioner a resolution on the merits.

Lastly, due to the restriction on submitting successive habeas petitions, see *Felker v. Turpin*, 518 U.S. 651, 663-664 (1996), dismissal here would effectively limit petitioner's ability to adjudicate the claims raised in his § 2254 petition. Therefore, the balance of the *Drake* factors does not justify dismissal for failure to prosecute.

**CONCLUSION**

For the reasons set forth above, respondent's motion to dismiss petitioner's petition for a writ of habeas for failure to prosecute, pursuant to Rule 41(b) of the Federal Rule of Civil Procedure, is denied. A reply by petitioner to the government's opposition to the petition, if any, shall be filed on or before October 7, 2009, whereupon the habeas petition will be taken on submission. The Clerk is hereby directed to transmit a copy of the within to the parties and the Magistrate Judge, and to mail a copy of the within to petitioner.

SO ORDERED

Dated:   Brooklyn, New York
         August 19, 2009

               By: /s/ Charles P. Sifton (electronically signed)
                      United States District Judge