UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

Miguel Harvey,

                    Petitioner,           98-CV-7814 (RJD)

     - against -                          MEMORANDUM
                                          OPINION
Floyd Bennett,                            AND ORDER

                    Defendant.

-----------------------------------X

DEARIE, Chief Judge.

     Miguel Harvey ("petitioner") was convicted by a jury in

Queens County Supreme Court of intentional murder, felony murder,

attempted murder, kidnaping, and assault. On November 21, 1994,

petitioner was sentenced to concurrent indeterminate prison terms

resulting in a sentence of 33 1/3 years to life. Now before the

Court is a petition for habeas corpus pursuant to 18 U.S.C. §

2254. For the reasons stated below, the petition is denied.


                            BACKGROUND

     The following facts are taken from the submissions in

connection with this motion and the proceedings in the courts

below. Disputes are noted.

     On March 13, 1994, petitioner, along with an accomplice,

Victor Allen, went to the home of Anthony Wilkins. Petitioner and

his accomplice held Wilkins at gunpoint, used their victim as a

"Russian roulette" target, and compelled Wilkins to call his

friend Andre Thompson. Petitioner and Allen thereafter forced Wilkins to lead them to Thompson's home, where they shot and killed Thompson. Petitioner and Allen then shot Wilkins and fled. Wilkins survived.

For these acts, petitioner was arrested and charged with three counts of murder in the second degree, attempted murder in the second degree, kidnaping in the second degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and assault in the second degree.

After a jury panel had been called, but before the commencement of voir dire, petitioner filed a motion for reassignment of counsel, claiming that counsel had encouraged him to accept a plea bargain, failed to visit him in prison, and failed to inform him of motions made. After questioning petitioner, the court asked counsel for his response. Counsel stated that certain of petitioner's claims were accurate, in that counsel had suggested that petitioner accept a plea bargain. Counsel admitted that he did not request the appointment of an investigator to the case because he felt that there was nothing to investigate. Counsel stated that motions were made and hearings held, and that petitioner had been present throughout the proceedings. The court determined that petitioner's assertions had no merit, and denied the motion as untimely.

Prior to the trial, defense counsel made discovery motions and moved to suppress petitioner's statements. At trial, Wilkins identified petitioner as one of the two persons who kidnaped and shot him and who killed Thompson,[1] and stated that petitioner was armed with a revolver. Detective Joseph Amato, the ballistics expert, testified that he could not determine whether a revolver had been fired at the scene. He stated that there were no revolver shell casings or bullets with ballistics markings matching that of a revolver. However, he further stated that shell casings from a revolver remain inside the weapon until they are removed from the gun's chambers. Additionally, the prosecution presented evidence that several unidentified lead fragments were recovered from Wilkins' and Thompson's bodies that had no ballistics markings, which could have come from a revolver. In summation, defense counsel argued that Wilkins was not credible because his testimony that petitioner was armed with a revolver was contradicted by the testimony of the ballistics expert that there was no evidence that a revolver had been fired at the scene.

At the conclusion of the jury trial, petitioner was convicted of intentional and felony murder, attempted murder, kidnaping, and assault, the remaining counts having been

---

[1]Wilkins had known petitioner personally for three or four years before the crimes.

dismissed by the court on the prosecution's motion before submission to the jury. On November 21, 1995, petitioner was sentenced to concurrent indeterminate incarceratory terms of twenty-five years to life for each of the murder convictions, to run consecutive to concurrent terms of eight and one-third to twenty five years for the attempted murder and kidnaping convictions, and to a term of two and one-third to seven years for the assault conviction.

Petitioner filed a notice of appeal in New York Supreme Court Appellate Division, Second Department, on November 24, 1995. In a brief filed before that court in June 1997, petitioner argued that (1) the People had failed to prove his guilt beyond a reasonable doubt because the ballistics expert's testimony contradicted the testimony of the sole eyewitness, rendering the eyewitness's testimony not credible as a matter of law; (2) petitioner was denied effective assistance of counsel with regard his motion for reassignment of counsel; and (3) the court's cumulative sentence of thirty-three and one-third years to life imprisonment was unduly harsh and excessive. On February 2, 1998, the Appellate Division unanimously affirmed petitioner's conviction. *People v. Harvey*, 667 N.Y.S.2d 930 (2d Dept. 1998). The court held that, viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to establish petitioner's guilt beyond a reasonable doubt, and the

verdict was not against the weight of the evidence. *Id*. The court further determined that petitioner's sentence was not excessive, and that petitioner's claim of ineffective assistance of counsel was meritless. *Id*.

Petitioner's application for leave to appeal the Appellate Division's decision to the New York Court of Appeals was denied on March 12, 1998. Petitioner subsequently filed an application for reconsideration *pro se*. On May 13, 1998, petitioner was granted reconsideration, but his application for leave to appeal was again denied.

On December 17, 1998, petitioner *pro se* filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. On August 6, 1999, respondent submitted an affidavit and memorandum of law in opposition to that petition. By letter dated August 12, 1999, petitioner requested that his habeas papers be returned to him because he had yet to exhaust state court remedies. On August 23, 1999, Judge Sifton stayed the § 2254 petition pending further state court review, and also directed petitioner to notify the Court in writing of any final decision by the state court with respect to petitioner's application for post-conviction relief.

In June 2001, petitioner filed a motion *pro se* in Supreme Court, Queens County, New York, to vacate his judgment of conviction. The court denied the motion on September 20, 2001. By

letter dated December 3, 2001, petitioner informed the Court that he intended to file an appeal from the Supreme Court's decision. However, petitioner filed no such appeal.

By letter dated January 29, 2009, petitioner applied to reopen his § 2254 petition for a writ of habeas corpus. Judge Sifton granted the motion on August 19, 2009.

## DISCUSSION

### I. Statute of Limitations and Exhaustion

The submissions indicate, and respondent does not contest, that petitioner has exhausted all state remedies as required by 28 U.S.C. § 2254(b)(1), and has timely filed his petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d).

### II. AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

"Clearly established Federal law" **refers** to the decisions of
the United States Supreme Court rendered prior to the time of the
relevant state court decision. *Williams v. Taylor*, 529 U.S. 362,
412 (2000); *Brown v. Greiner*, 409 F.3d 523, 533 (2d Cir. 2005). A
state prisoner may not be granted habeas relief on the ground
that a state court erroneously applied a Federal Court of Appeals
decision. *See Hoi Man Yung v. Walker*, 341 F.3d 104, 110 (2d Cir.
2003).

"A state-court decision is 'contrary' to established federal
law withing the meaning of § 2254(d)(1) if it is 'diametrically
different' from, 'opposite in character or nature' to, or
'mutually opposed' to the relevant Supreme Court precedent. *Henry
v. Poole*, 409 F.3d 48, 68 (2d Cir. 2005) (quoting *Williams*, 529
U.S. at 405). To be "contrary to" clearly established federal
law, a state court's conclusion of law must be opposite to a
conclusion reached by the Supreme Court or resolved differently
on a materially indistinguishable set of facts. *Williams*, 529
U.S. at 413.

A state court's decision is an "unreasonable application" of
a Supreme Court holding "if [a] state court 'correctly identifies
the correct governing legal principle from [the Supreme] Court's
decisions but unreasonably applies that principle to the facts of

the prisoner's case,' or refuses to extend a legal principle that the Supreme Court has clearly established to a new situation in which it should govern." *Hoi Man Yung*, 468 F.3d at 176 (quoting *Williams*, 529 U.S. at 413). The issue is not whether all reasonable jurists would agree that there was error, but rather that there was "some increment of incorrectness beyond" mere error. *Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005) (quoting *Williams*, 529 U.S. at 411). "[T]he range of reasonable judgment can depend in part on the nature of the relevant rule." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The more general the rule in question, the more leeway the state court has in making its determination. *Id.* at 665.

State court factual findings are, in this context, presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption can only be rebutted by clear and convincing evidence. *Id.*

### III. Petitioner's Claims

Petitioner raises three issues in his § 2254 petition (which are the same issues he raised on appeal in state court): (1) there was insufficient evidence to convict him because the ballistics expert's testimony contradicted the sole eyewitness; (2) petitioner was denied effective assistance of counsel when his attorney made a comment regarding his *pro se* motion for reassignment of counsel; and (3) petitioner's sentence was

excessive. I address these claims below.

## A. Sufficiency of the Evidence

Petitioner claims that the Appellate Division unreasonably applied Supreme Court precedent pertaining to sufficiency of the evidence, as stated in *Jackson v. Virginia*, 443 U.S. 307 (1979), when it determined that the evidence was sufficient to convict him of intentional murder, felony murder, attempted murder, kidnaping, and assault. Petitioner argues that the testimony of Anthony Wilkins, the only witness who testified regarding petitioner's role in the murder, was contradicted by the testimony of the ballistics expert, who testified that petitioner was carrying a different gun than the one described by Mr. Wilkins, thereby rendering Wilkins' testimony not credible.

In *Jackson*, the Supreme Court stated that "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson*, 443 U.S. at 315 (quoting *In re Winship*, 397 U.S. 358 (1970)). Therefore, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable

doubt." *Id*. at 324. The evidence presented at trial is reviewed in the light most favorable to the government, and all inferences are drawn and all issues of credibility are resolved in the prosecution's favor. *See United States v. Canady*, 126 F.3d 352, 356 (2d Cir. 1997). Under this "rigorous standard," a court "faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994).

The Appellate Division did not unreasonably apply *Jackson* when it found that the evidence was sufficient to convict petitioner of the crimes charged. The jury heard testimony from Wilkins, an eyewitness who had ample time to observe petitioner, that petitioner was responsible for the murder. This testimony was sufficient to justify the jury's result. In pointing to the supposed contradiction between testimony by Wilkins and the ballistics expert, petitioner is merely challenging the weight of the evidence, the inferences to be drawn from the evidence, and the credibility of the witness, which are matters solely within the province of the jury. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993). This Court must presume that the jury resolved the conflicting testimony in favor of the prosecution, and may not

revisit that factual determination. *See Jackson*, 443 U.S. at 326. In any event, the testimony of the ballistics expert did not contradict Wilkins' testimony, since the lack of evidence that a revolver had been fired was explained by the fact that spent shell casings are not automatically expelled from a revolver.

## B. Ineffective Assistance of Counsel

Petitioner claims that he was denied effective assistance of counsel because his counsel took an adverse position to him with regard to the motion for reassignment of counsel, and became a witness when he described the weakness of petitioner's defense case.

*Strickland v. Washington*, 466 U.S. 668, 688 (1984), requires that the defendant show both (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The record indicates that petitioner's counsel took no position adverse to petitioner on the motion for reassignment of counsel. Counsel did not oppose the motion or claim that petitioner was being untruthful. Instead, he stated that he felt

that the case should not have gone to trial and that hiring an investigator would not have helped petitioner's case. Counsel's conduct at the motion hearing in no way fell below an objective standard of reasonableness. In any event, the trial court stated that it denied petitioner's motion due to its being untimely, regardless of any comments by counsel. Petitioner has failed to establish either prong of the *Strickland* test.[2]

## C. Excessive Punishment

Petitioner argues that because he was 16 years old at the time of the incident, had no prior convictions, and because his gun was not conclusively proved to be the one that discharged the fatal or wounding shots, the court's imposition of the maximum permissible sentence was excessive punishment. Petitioner's sentence is within the range of years prescribed by law. When a sentence is within this range, a claim of excessive punishment does not present a constitutional question, which is necessary for habeas corpus reversal. *White v. Keane*, 969 F.2d 1381, 1382 (2d Cir. 1992); *see also Ewing v. California*, 538 U.S. 11, 25 (2003) ("Selecting the sentencing rationales is generally a policy choice to be made by state legislatures, not federal

---

[2]Petitioner confines his claim of ineffective assistance to counsel's actions during the hearing on reassignment of counsel. However, an examination of the record with respect to counsel's performance overall confirms that petitioner's counsel was not ineffective in any way, nor is there any suggestion that the verdict would have been different had petitioner been assigned new counsel.

courts.").[3]

## CONCLUSION

For the reasons stated herein, the petition for habeas corpus is denied. Petitioner is denied a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996). The Clerk is directed to transmit a copy of the within to all parties and to mail a copy of the within to petitioner.

SO ORDERED.

Dated:     Brooklyn, New York
           December 10, 2009

                                    s/ Judge Raymond J. Dearie
           By:     _____
                     United States District Judge

---

[3]While the Supreme Court has acknowledged that the Eighth Amendment "encompasses a narrow proportionality principle," the Court has only invalidated extreme, non-capital sentences for being "grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991). In this case, a sentence of 33 1/3 years to life for murder, kidnaping and assault is not grossly disproportionate.